# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | ) | |
| **MUHAMMAD SHOAIB AKHTAR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 24-cv-02665 (APM)** |
| | ) | |
| **MARCO RUBIO,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

Pro se Plaintiff Muhammad Shoaib Akhtar has applied to renew his J-1 visa and his wife's J-2 visa. Compl., ECF No. 1, at 5. According to Plaintiff, at the time he filed suit on August 27, 2024, the renewal applications were pending for 118 days. *See id.* He asks the court to issue a writ of mandamus compelling Defendants to adjudicate the applications within 30 days. *See id.*

Defendants move to dismiss on two grounds. They argue: (1) "Plaintiff cannot identify a clear, non-discretionary duty requiring a consular officer to take action on the Visa Applications now that they [have] been refused under INA Section 221(g), 8 U.S.C. § 1201(g)," and (2) the consular non-reviewability doctrine forecloses review "after a consular officer has refused the requested visa." Defs.' Mot. to Dismiss, ECF No. 6, at 4, 8. Both arguments turn on the fact assertion that the renewal applications have been "refused." Defendants cite to page five of the complaint and Exhibits 5 and 6 thereto for that proposition. *See id.* at 2. But neither citation establishes a refusal. The term "refused" appears nowhere on page five of the complaint, *see* Compl. at 5, and Exhibits 5 and 6 are merely the Confirmation of Plaintiff's online renewal application and the Confirmation of his wife's online renewal application and her passport,

respectively, *see id.*, Exs. 5 & 6, ECF No. 1-1, at 22–23, 25–28 (CM/ECF Pagination). Also, the last pre-complaint communication that Plaintiff received from the U.S. Embassy in Islamabad, through the office of Congressman Mike Thompson, in mid-July 2024 makes no mention of a refusal. It states only that the applications are "undergoing administrative processing." *Id.*, Ex. 8, ECF No. 1-1, at 32 (CM/ECF Pagination).

Viewing the complaint in the light most favorable to Plaintiff then, the court accepts as true Plaintiff's allegation that Defendants have not acted, as required, on the completed renewal applications. *See* 22 C.F.R. § 41.121(a) ("When a visa application has been properly completed and executed in accordance with the provisions of the INA and the implementing regulations, the consular officer must issue the visa, refuse the visa, or, pursuant to an outstanding order under INA 243(d), discontinue granting the visa."). For that reason, Defendants' motion to dismiss is denied.

Dated: September 23, 2025

Amit P. Mehta
United States District Judge

2